UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LEOPOLDO MARTINEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA, etc., et al.,<br><br>　　　　Respondents. | Case No. CV 19-00330-DMG-JC<br><br>ORDER (1) DISMISSING PETITION AS AGAINST IMPROPER RESPONDENT; AND (2) RE "MIXED" PETITION |

　　　　On February 12, 2019, petitioner Jose Leopoldo Martinez signed a Petition for Writ of Habeas Corpus by Person in State Custody ("Petition"), which was formally filed on February 21, 2019. The Petition challenges a judgment in Riverside County Superior Court Case No. INF1302645 on five grounds and names as respondents both the Riverside County Superior Court of California ("Superior Court") and Mr. Sullivan ("Warden Sullivan"), the warden at the facility where petitioner is currently housed. (Petition at 1, 2, 5-7.)

　　　　First, the Petition is dismissed as against the Superior Court because such entity is not a proper respondent, but remains pending as against Warden Sullivan. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (appropriate respondent in habeas action is petitioner's immediate custodian); Morehead v. State of

1

1 California, 339 F.2d 170, 171 (9th Cir. 1964) (State of California incorrectly
2 named as respondent); see also 28 U.S.C. § 2242; Rule 2(a) of the Rules
3 Governing Section 2254 Cases in the United States District Courts and the
4 Advisory Committee Notes thereto.

Second, the Petition is deficient because it contains both claims which have been presented to and resolved by the California Supreme Court and claims which have not been so exhausted. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[1] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011) (citation omitted), cert. denied, 568 U.S. 959 (2012), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002) (citation omitted). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust issue *sua sponte* and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City & County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1991), cert. denied, 506 U.S. 1081 (1993).

It plainly appears from the face of the Petition that the Petition is "mixed" in that it contains both an exhausted claim (*i.e.*, a claim which has already been presented to and resolved by the California Supreme Court, namely Ground 2) and unexhausted claims (*i.e.*, claims which have not yet been presented to and resolved by the California Supreme Court, namely Grounds 1 and 3-5). (Petition at 5-7.)

---

[1] A habeas petition "shall not be granted unless it appears that – [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1 A district court generally must dismiss "mixed" habeas corpus proceedings, that is, proceedings which raise both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. at 522. A court may not dismiss a "mixed" petition on such basis, however, without first permitting the petitioner the opportunity to amend the petition to delete unexhausted claims. Jefferson v. Budge, 419 F.3d 1013, 1015-16 (9th Cir. 2005) (citations omitted).

IT IS THEREFORE ORDERED:

1. If petitioner contends that the California Supreme Court has already ruled on Grounds 1 and 3-5, and thus disputes that the Petition is "mixed," he shall notify the Court of the date of the California Supreme Court's decision regarding such claims, and shall attach a copy of such decision, if it is available, within twenty-one (21) days.

2. If petitioner concedes that the Petition is "mixed," he shall do at least one of the following within twenty-one (21) days:

(a) voluntarily dismiss the Petition without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time-barred under 28 U.S.C. § 2244(d)(1);

(b) voluntarily dismiss the unexhausted claims (Grounds 1 and 3-5) and elect to proceed only on the remaining exhausted claim (Ground 2), with the understanding that he thereby risks forfeiting consideration of the unexhausted claims in federal court, even if he subsequently does exhaust such claims (see Rose, 455 U.S. at 520-21; Jefferson, 419 F.3d at 1015-17);

(c) voluntarily dismiss the unexhausted claims (Grounds 1 and 3-5) and seek a stay of the then fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended) (allowing for stays of fully exhausted federal petitions without showing of good cause), with the understanding that he will be allowed to amend any newly exhausted claims back into the Petition only if the

///

claims are timely or "relate back" to the original exhausted claims (see <u>Mayle v. Felix</u>, 545 U.S. 644, 664 (2005)); or

    (d)    request that the Petition, in its current "mixed" form, be stayed pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005), if he can show (i) good cause for his failure earlier to exhaust the unexhausted claims in state court; (ii) the unexhausted claims are not plainly meritless; and (iii) he has not engaged in abusive litigation tactics or intentional delay.

**Petitioner is cautioned that his failure to comply with this Order Re "Mixed" Petition may result in the dismissal of the Petition and this action based upon the "mixed" nature of the Petition, petitioner's failure to comply with the Court's Order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.

DATED: April 2, 2019

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE